UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ANTHONY MICHAEL PINA, and
GRACE PINA,

    Plaintiffs,

v.

ALPINE TOWING, INC. D/B/A GALACTIC
TOWING D/B/A FUZZ WRECKER SERVICE,
and LARRY JOSE SARAVIA,

    Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiffs ANTHONY MICHAEL PINA ("A. Pina") and GRACE PINA ("G. Pina") bring this action against Defendants ALPINE TOWING, INC. D/B/A GALACTIC TOWING D/B/A FUZZ WRECKER SERVICE ("Alpine Towing") and LARRY JOSE SARAVIA ("Saravia") and allege as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs were residents of Florida and "employees" of Defendants as defined by the FLSA.

3. At all times material hereto, Alpine Towing was a Florida corporation that regularly transacted business in Broward County, Florida.

4. Upon information and belief, Alpine Towing's gross sales or business done was in excess of $500,000 per year at all times material hereto.

1

5. Alpine Towing was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

6. At all times material hereto, A. Pina engaged in interestate communication on a regular and recurring basis including but not limited to communication via phone with roadside assistance, truck companies, and other towing companies located in Texas, Maryland, Georgia, and California an average of 3-5 times per week.

7. A. Pina engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

8. At all times material hereto, G. Pina engaged in interestate communication on a regular and recurring basis including but not limited to communication via phone with roadside assistance, truck companies, and other towing companies located in Texas, Maryland, Georgia, and California an average of 3-5 times per week.

9. G. Pina engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

10. Saravia is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Alpine Towing, ran the day-to-day operations, and had operational control over Alpine Towing, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

11. Alpine Towing operates a business that provides towing services.

12. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

13. A. Pina worked for Defendants as a office worker

14. G. Pina worked for Defendants as a bookkeeper

15. Defendants failed to pay A. Pina's full and proper overtime wages.

16. Defendants failed to pay G. Pina's full and proper overtime wages.

17. Defendants knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

18. Attached as **Exhibit A** is a preliminary calculation of A. Pina's claims; these amounts may change as Plaintiffs engage in the discovery process.

19. Attached as **Exhibit B** is a preliminary calculation of G. Pina's claims; these amounts may change as Plaintiffs engage in the discovery process.

20. Plaintiffs retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

21. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-20 above as if set forth herein in full.

22. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled to (i) time-and-a-half overtime pay and (ii) liquidated damages.

23. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:    (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

*/s/ Elliot A. Kozolchyk*
_____
Elliot Kozolchyk, Esq.
Florida Bar No. 74791